**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| HAZIM NADA and LORD ENERGY SA, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | **Case No. 1:24-cv-00206-ABJ** |
| THE UNITED ARAB EMIRATES, *et al.*, | ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' MOTION FOR SERVICE OF PROCESS BY OTHER
MEANS PURSUANT TO RULES 4(F)(3) AND 4(H)(2) ON DEFENDANTS
MOHAMED BIN ZAYED AL NAHYAN, MATAR HUMAID
AL-NEYADI, AND ARIAF STUDIES AND RESEARCH LLC**

Plaintiffs Hazim Nada and Lord Energy SA hereby respectfully move this Court for an order

granting Plaintiffs leave (i) to serve Defendants Mohamed Bin Zayed Al Nahyan ("Al Nahyan") and

Matar Humaid Al-Neyadi ("Matar") by other means pursuant to Federal Rule of Civil

Procedure 4(f)(3) and (ii) to serve Defendant Ariaf Studies and Research LLC ("Ariaf") by other

means pursuant to Federal Rule of Civil Procedure 4(h)(2).  Specifically, Plaintiffs respectfully

request that the Court order service on Al Nahyan and Matar by:

- Hand delivery of the summonses for Al Nahyan and Matar (ECF No. 4) and the
  Complaint (ECF No. 1), in English and Arabic, to the UAE Ambassador to the United
  States or someone else of suitable age and discretion who works and is located at the
  UAE Embassy in Washington, D.C., 3522 International Court, N.W., Suite 400,
  Washington, D.C. 20008;

- Mailing the summonses for Al Nahyan and Matar and the Complaint, in English and
  Arabic, using any form of registered or certified mail addressed and sent to the UAE
  Ambassador to the United States at the UAE Embassy in Washington, D.C., 3522
  International Court, N.W., Suite 400, Washington, D.C. 20008;

- Mailing the summonses for Al Nahyan and Matar and the Complaint, in English and Arabic, using any form of registered or certified mail addressed and sent to P.O. Box 26662, Abu Dhabi, UAE—the address listed on the official UAE federal government contact portal[1];

- Mailing the summonses for Al Nahyan and Matar and the Complaint, in English and Arabic, using any form of registered or certified mail addressed and sent to the UAE Presidential Palace, Qasr Al Watan, Al Ras Al Akhdar, P.O. Box 128717, Abu Dhabi, UAE;

- Emailing the summonses for Al Nahyan and Matar and the Complaint, in English and Arabic, to the email address 547321@protonmail.com, which Plaintiffs allege was used by Matar and possibly other UAE officials in furtherance of the smear campaign against Plaintiffs; or

- Some combination of the above methods.

Plaintiffs also respectfully request that the Court order service on Defendant Ariaf by:

- Hand delivery of the summons for Ariaf and the Complaint, in English and Arabic, to the UAE Ambassador to the United States or someone else of suitable age and discretion who works and is located at the UAE Embassy in Washington, D.C., 3522 International Court, N.W., Suite 400, Washington, D.C. 20008;

- Mailing the summons for Ariaf and the Complaint, in English and Arabic, using any form of registered or certified mail addressed and sent to the UAE Ambassador to the United States at the UAE Embassy in Washington, D.C., 3522 International Court, N.W., Suite 400, Washington, D.C. 20008;

- Mailing the summons for Ariaf and the Complaint, in English and Arabic, using any form of registered or certified mail addressed and sent to Ariaf Studies and Research LLC, P.O. Box 3088, Abu Dhabi, UAE;

- Emailing the summons and Complaint to emaa.n@hotmail.com and eman@uaecreative.net, which Plaintiffs believe were used by Ariaf in furtherance of the smear campaign against Plaintiffs;

- Publication of the summons for Ariaf and the Complaint, in English and Arabic, in a newspaper or wire service published, distributed for sale, or readily accessible online in Abu Dhabi, UAE; or

- Some combination of these methods.

---

[1] UAE Government Portal, Help, Get in touch, Contact govt entities, Portal team, https://u.ae/en/help/contact-us/this-portal.

Plaintiffs did not confer with counsel for Defendants Pursuant to Local Civil Rule 7(m) because no Defendants or their counsel have appeared in this action.  Plaintiffs emailed former counsel for Al Nahyan in a prior action that was closed in 2022 to inquire whether he would be representing Al Nahyan in this action.  Plaintiffs received no response.  This Motion is accompanied by a Memorandum of Points and Authorities and a Proposed Order.

Dated: March 13, 2024                    Respectfully Submitted,

                                         /s/ *Thomas A. Clare, P.C.*

                                         Thomas A. Clare, P.C.
                                         Nicholas J. Brechbill
                                         CLARE LOCKE LLP
                                         10 Prince Street
                                         Alexandria, Virginia 22314
                                         Telephone: (202) 628-7400
                                         Email: tom@clarelocke.com
                                         Email: nick@clarelocke.com

                                         *Attorneys for Plaintiffs Hazim Nada & Lord Energy SA*

## CERTIFICATE OF SERVICE

I hereby certify that Plaintiffs' Motion for Alternative Service was filed using the Court's CM/ECF system.

March 13, 2024                          /s/ *Thomas A. Clare, P.C.*

                                         Thomas A. Clare, P.C.

                                         *Attorney for Plaintiffs Hazim Nada & Lord Energy SA*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| HAZIM NADA and LORD ENERGY SA, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **Case No. 1:24-cv-00206-ABJ** |
| THE UNITED ARAB EMIRATES, *et al.*, | ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION FOR SERVICE OF PROCESS BY OTHER MEANS PURSUANT TO RULES
4(F)(3) AND 4(H)(2) ON DEFENDANTS MOHAMED BIN ZAYED AL NAHYAN,
MATAR HUMAID AL-NEYADI, AND ARIAF STUDIES AND RESEARCH LLC**

## <u>TABLE OF CONTENTS</u>

BACKGROUND ............................................................................................................ 1

LEGAL STANDARD ................................................................................................. 3

ARGUMENT .............................................................................................................. 4

    I.      Service On Al Nahyan, Matar, And Ariaf By The Proposed Alternative Means Is Not Prohibited By International Agreement. ....................................................... 4

    II.     Service On Al Nahyan And Matar By The Proposed Alternative Means Is Reasonably Calculated To Provide Them With Notice Of This Action. ............. 8

    III.    Service On Ariaf By The Proposed Alternative Means Is Reasonably Calculated To Provide Ariaf With Notice Of This Action. .................................. 9

CONCLUSION ......................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Basatne Int'l, LLC v. INQ Star Corp.*,
    No. 3:21-CV-3142-S, 2022 WL 3904690 (N.D. Tex. May 12, 2022) .......................................... 5

*Bazarian Int'l Fin. Assocs., L.L.C. v. Desarrollos Aerohotelco, C.A.*,
    168 F. Supp. 3d 1 (D.D.C. 2016) ................................................................................................ 4

*CKR Law LLP v. Anderson Invs. Int'l, LLC*,
    525 F. Supp. 3d 518 (S.D.N.Y. 2021) ....................................................................................... 5

*Freedom Watch, Inc. v. OPEC*,
    766 F.3d 7 (D.C. Cir. 2014) ................................................................................................. 3, 4

*Hashem v. NMC Health Plc*,
    No. 20-cv-02303-CBD-(MAAx), 2021 WL 12141741 (C.D. Cal. Mar. 25, 2021)..................... 5

*Hashem v. Shabi*,
    No. 17-1645, 2018 WL 3382913 (D.D.C. Apr. 26, 2018)..................................................... 4, 7

*Hassen v. Al Nahyan*, 09-cv-01106 (C.D. Cal. Mar. 3, 2010) ........................................................ 6

*Hunt v. Aslam*,
    No. 2:19-cv-00275-JNP-CMR, 2023 WL 3510961 (D. Utah May 17, 2023) ............................ 4

*Kaplan v. Hezbollah*,
    715 F. Supp. 2d 165 (D.D.C. 2010) .......................................................................................... 4

*Nabulsi v. H.H. Sheikh Issa Bin Zayed Al Nahyan*,
    No. H-06-2683, 2007 WL 2964817 (S.D. Tex. Oct. 9, 2007) ..................................................... 5

*Rio Props., Inc. v. Rio Int'l Interlink*,
    284 F.3d 1007 (9th Cir. 2002) ................................................................................................... 5

*Saleh v. Al Nahyan*,
    No. 20-1168, 2021 WL 7210780 (D.D.C. July 16, 2021) ...................................................... 4, 5

*U.S. ex rel. Barko v. Halliburton Co.*,
    952 F. Supp. 2d 108 (D.D.C. 2013) .......................................................................................... 5

**Orders**

Minute Order granting Request for Service by Alternative Methods, *Saleh v. Al Nahyan*,
    No. 20-cv-01168 (D.D.C. July 30, 2020). ................................................................................. 8

Order Re Pl.'s Mot. for Serv. of Process by Alternative Methods, *Hassen v. Al Nahyan*,
    No. 2:09-CV-1106 (C.D. Cal. Mar. 3, 2010), ECF No. 19............................................................ 6

**Other Authorities**

15 U.S.C. § 1125(a)(1) ............................................................................................. 2

15 U.S.C. §§ 1–7 ....................................................................................................... 2

18 U.S.C. §§ 1961–1968 ........................................................................................... 2

28 U.S.C. § 1608(a)(3) .............................................................................................. 3

28 U.S.C. § 1608(a)(4) .............................................................................................. 3

28 U.S.C. § 1608(b)(3)(B) ......................................................................................... 3

Fed. R. Civ. P. 4(d) .................................................................................................... 2

Fed. R. Civ. P. 4(f)(2)(B) .......................................................................................... 7

Fed. R. Civ. P. 4(f)(3) ........................................................................................ 3, 4, 5

Fed. R. Civ. P. 4(h)(2) .......................................................................................... 3, 4

## BACKGROUND

In late 2017, the United Arab Emirates, acting through its top officials—including then-Crown Prince of Abu Dhabi and current President Mohamed bin Zayed Al Nahyan ("Al Nahyan") and senior government official Matar Humaid al-Neyadi ("Matar")—hired Alp Services, a private investigative firm in Switzerland, to conduct a years-long "dark" public relations campaign. (*E.g.*, Compl. ¶ 1.)  The UAE and its officials, along with Alp and its officers and employees, operated as an association-in-fact enterprise that leveraged a network of co-conspirators to smear dozens of innocent victims by making false and misleading statements about those victims to the press, online platforms, financial risk compliance monitors, and others. (*E.g.*, *id.* ¶¶ 1–2.)  The enterprise's objective was to "destroy" its targets' businesses and reputations by defrauding banks, their business partners, government decision makers, and the public. (*E.g.*, *id.* ¶¶ 2, 14–16.)

Plaintiffs Hazim Nada and his commodity trading companies Lord Energy SA and Americas Lord Energy Inc. (the U.S. subsidiary of Lord Energy SA) were some of the enterprise's first victims. (*E.g.*, *id.* ¶ 4.)  The UAE and its officials directed Alp to target Hazim and his companies because they posed a competitive threat to the Abu Dhabi National Oil Company ("ADNOC") in the spot market for light crude oil in Asia and were costing the UAE tens, if not hundreds, of millions of dollars annually. (*E.g.*, *id.* ¶¶ 4–7.)

Between 2017 and 2019, the enterprise concocted a false narrative that Hazim and his companies had ties to the Muslim Brotherhood and al-Qaeda and were involved in terrorist financing. (*E.g.*, *id.* ¶ 8.)  The enterprise had its co-conspirators publish and widely disseminate these false claims through various channels including in the media, on U.S.-based blogging websites, on Wikipedia, and through pseudonymous emails to journalists, banks, and bank risk compliance monitors. (*E.g.*, Compl. ¶ 17.)  The enterprise also used search engine optimization techniques to

ensure that its fraudulent, sponsored articles remained among the top results when searching for Hazim or Lord Energy on Google, Bing, Yahoo!, and other search engines. (*E.g.*, *id.* ¶ 17.)

The enterprise went to extreme lengths to conceal its operations. (*E.g.*, *id.* ¶¶ 27, 173.) Hazim and Lord Energy only learned of the enterprise and the scope and scale of its concerted smear campaign against them because hackers obtained thousands of documents from Alp's internal servers and shared those documents with Hazim in April 2021. (*E.g.*, *id.* ¶¶ 209–212.)

The enterprise's lies were outlandish but devastating. By Alp's own admission, "following [Alp's] media attacks, listing in World Check, and the financial difficulties it created, the US-branch [of Lord Energy], Americas Lord Energy Inc., was forced to cease its operations." (*E.g.*, *id.* ¶ 7.) And Lord Energy SA was forced to declare bankruptcy. (*E.g.*, *id.* ¶¶ 18, 20.) As a direct and intended consequence of the enterprise's unlawful smear campaign, Hazim lost hundreds of millions of dollars, and his companies were destroyed. (*E.g.*, *id.* ¶ 18.)

On January 24, 2024, Hazim and Lord Energy SA filed a Complaint asserting claims for violations of the Lanham Act, 15 U.S.C. § 1125(a)(1), the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968, and the Sherman Act, 15 U.S.C. §§ 1–7, against Defendants the UAE, ADNOC, Al Nahyan, Matar, Ariaf, Alp, Diligence SARL, Mario Brero, Lionel Badal, Muriel Cavin, Lorenzo Vidino, Sylvain Besson, and John Doe Nos. 1–25. On January 31, 2024, the Clerk of Court issued signed summonses for all Defendants. (ECF No. 4.)

Currently, Plaintiffs are in the process of serving Defendants, and no Defendant or counsel has entered an appearance in this action:

- On February 6, 2024, pursuant to Federal Rule of Civil Procedure 4(d), Plaintiffs sent via FedEx a notice of lawsuit and request to waive service to Defendant Lorenzo Vidino, who is domiciled in Washington, D.C. Vidino's response was due to Plaintiffs by March 7, 2024. He did not respond to Plaintiffs' request to waive service.

- On February 15, 2024, Plaintiffs sent via FedEx to the appropriate Central Authorities in Switzerland and Luxembourg all papers required for those Central Authorities to effect service on Defendants Alp, Diligence, Brero, Badal, Cavin, and Besson pursuant to the Hague Service Convention.  The Central Authorities are in the process of serving those Defendants.

- On February 23, 2024, Plaintiffs filed requests for the Clerk of Court to effect service on Defendants the UAE and ADNOC by foreign mailing pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1608(a)(3) and (b)(3)(B).  (*See* ECF Nos. 5–8.)  The documents required to effect service on the UAE and ADNOC were dispatched by the Clerk of Court via DHL on February 28, 2024.  On February 29, 2024, the UAE Ministry of Foreign Affairs refused to accept delivery.  On March 8, 2024, DHL notified Plaintiffs' counsel that ADNOC also refused to accept delivery. Plaintiffs are continuing their efforts to effect service on the UAE and ADNOC pursuant to the FSIA, 28 U.S.C. § 1608(a)(4).

- On March 6, 2024, Plaintiffs' counsel sent an email with a copy of the Complaint to a partner at the law firm Akin Gump Strauss Hauer & Feld LLP who previously represented Al Nahyan in an action before this Court to inquire whether Akin would similarly be representing Al Nahyan or any of the other Defendants in this action. Plaintiffs' counsel requested a response by the end of last week (i.e., by close of business on March 8).  Plaintiffs' counsel has not received any response.

Plaintiffs now seek an order from the Court authorizing service of process by other means on the remaining defendants, Al Nahyan, Matar, and Ariaf, pursuant to Federal Rules of Civil Procedure 4(f)(3) and 4(h)(2).

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 4(f)(3), which applies to individuals in foreign countries, "permits service of process 'by other means not prohibited by international agreement, as the court orders.'"  *Freedom Watch, Inc. v. OPEC*, 766 F.3d 74, 81 (D.C. Cir. 2014) (quoting Fed. R. Civ. P. 4(f)(3)).  Federal Rule of Civil Procedure 4(h)(2), which applies to corporations, partnerships, and associations in foreign countries, authorizes service of process by "any manner prescribed by Rule 4(f) for serving an individual," (including by any means not prohibited by international agreement, as the court orders).  Fed. R. Civ. P. 4(h)(2).

"[T]he decision whether to allow alternative methods of serving process under Rule 4(f)(3)," and thus 4(h)(2), "is committed to the sound discretion of the district court."  *Freedom Watch*, 766

F.3d at 81 (internal citation and quotation marks omitted).  This is true even where authorizing service by alternative means would "contravene foreign law." *Id*. at 84.  Ultimately, Rules 4(f)(3) and (h)(2) are concerned with "providing a method of service that is reasonably calculated to 'notif[y] a defendant of the commencement of an action against him,'" *Bazarian Int'l Fin. Assocs., L.L.C. v. Desarrollos Aerohotelco, C.A.*, 168 F. Supp. 3d 1, 15 (D.D.C. 2016), and the rules are "open-ended regarding acceptable methods of service," *Saleh v. Al Nahyan*, No. 20-1168, 2021 WL 7210780, at *4 (D.D.C. July 16, 2021) (Berman Jackson, J.).  Indeed, Rule 4(f)(3) "was adopted to provide flexibility and discretion to the federal courts in dealing with questions of alternative methods of service of process in foreign countries." *Kaplan v. Hezbollah*, 715 F. Supp. 2d 165, 166 (D.D.C. 2010) (internal citation and quotation marks omitted).

## **ARGUMENT**

**I.      Service On Al Nahyan, Matar, And Ariaf By The Proposed Alternative Means Is Not Prohibited By International Agreement.**

As this Court has recognized, the UAE is not a party to the Hague Service Convention or the Inter-American Convention on Letters Rogatory.  *Saleh*, 2021 WL 7210780, at *3 (citing U.S. Dep't of State, United Arab Emirates Judicial Assistance Information).[2]  Nor is the UAE a signatory to any other international agreement with the United States regarding service of process.  *See Hashem v. Shabi*, No. 17-1645, 2018 WL 3382913, at *3 n.3 (D.D.C. Apr. 26, 2018) (Berman Jackson, J.) ("Both parties agree that … there is no 'internationally agreed means of service' between the United States and the United Arab Emirates."); *Hunt v. Aslam*, No. 2:19-cv-00275-JNP-CMR, 2023 WL 3510961, at *2 (D. Utah May 17, 2023) (recognizing that the UAE is "not a party to The Hague Service Convention or any other treaty related to service of process").  Thus, Rule 4(f)(3)'s

---

[2] *Available at* https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/UnitedArabEmirates.html (last updated Mar. 23, 2018).

requirement that the proposed other means of service not be prohibited by international agreement is satisfied here.

Notably, Rule 4(f) "does not denote any hierarchy or preference for one method of service over another." *Nabulsi v. H.H. Sheikh Issa Bin Zayed Al Nahyan*, No. H-06-2683, 2007 WL 2964817, at *4 (S.D. Tex. Oct. 9, 2007). And "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'" *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). Instead, it is "merely one means among several which enables service of process on an international defendant." *Id.* (*quoted by U.S. ex rel. Barko v. Halliburton Co.*, 952 F. Supp. 2d 108, 116 (D.D.C. 2013)). "[C]ourt-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or 4(f)(2)." *Rio Props., Inc.*, 284 F.3d at 1015.

Under Rule 4(f)(3), this Court and other district courts have authorized service of defendants in the UAE using methods very similar to those proposed by Plaintiffs here. *See Saleh*, 2021 WL 7210780, at *1 (initially authorizing service on UAE President and Crown Prince and Deputy Supreme Commander of the UAE Armed Forces by (i) substituted service on UAE Ambassador in Washington, D.C., (ii) by international certified mail to the President and Crown Prince's office in Abu Dhabi, and (iii) by certified mail to the UAE Ambassador at the UAE Embassy in Washington, D.C.); *id.* at *6 (subsequently authorizing service on defendants' counsel in the United States); *CKR Law LLP v. Anderson Invs. Int'l, LLC*, 525 F. Supp. 3d 518, 525 (S.D.N.Y. 2021) (authorizing service on defendant in Dubai by email and WhatsApp); *Basatne Int'l, LLC v. INQ Star Corp.*, No. 3:21-CV-3142-S, 2022 WL 3904690, at *4 (N.D. Tex. May 12, 2022) (authorizing service on defendant in UAE by email to the defendant and email to the defendant's counsel in the United States); *Hashem v. NMC Health Plc*, No. 20-cv-02303-CBD-(MAAx), 2021 WL 12141741, at *1–2 (C.D. Cal. Mar. 25, 2021) (granting motion for alternative service on defendants whose last known location was in Abu Dhabi by email, by publication "via a wire service (press release) covering India and Abu

Dhabi," and to defendants' place of business through a lawyer who held himself out publicly to be

defendants' counsel); Order Re Pl.'s Mot. for Serv. of Process by Alternative Methods at 6, *Hassen*

*v. Al Nahyan*, 2:09-CV-1106 (C.D. Cal. Mar. 3, 2010), ECF No. 19 (granting motion authorizing

service on UAE President and Crown Prince of Abu Dhabi by personal delivery or certified mail to

the UAE Ambassador or Military Attaché to the United States).[3]

Here, the Court's intervention to allow other methods of service is not only permissible, but

it also is necessary because the other methods for serving individuals and entities in foreign countries

available to Plaintiffs under Rule 4(f) are almost certain to prove unduly burdensome and futile.

For example, personal service on high-ranking government officials in the UAE is nearly

impossible and, quite frankly, dangerous.  In *Hassen v. Al Nahyan*, the plaintiff hired an international

process server that had successfully served process in the UAE several times.  Ex. A, Order Re Pl.'s

Mot. for Serv. of Process by Alternative Methods at 3, *Hassen v. Al Nahyan*, No. 09-CV-1106.

According to the process server's declaration, the UAE took "significant steps to block service of

process" on the President and Crown Prince of Abu Dhabi (at the time, Mohamed Bin Zayed Al

Nahyan).  *Id.*   Ultimately, the process server was detained by government officials for four days for

"alleged illegal actions against a government official," and was unable to effect service "for fear of

reprisal."  *Id.*

Plaintiffs' counsel contacted ABC Legal, an international process server contracted by the

U.S. Department of State to serve as the U.S. Central Authority responsible for "execut[ing] requests

for service of judicial and extrajudicial documents in civil and commercial matters directed at private

---

[3] The unpublished order granting plaintiff's motion for alternative service in *Hassen v. Al Nahyan*, 09-cv-01106 (C.D. Cal. Mar. 3, 2010), is attached as **Exhibit A**.

individuals and companies in the United States."[4]  ABC Legal advised that it no longer offers services to effect personal service in the UAE.

This Court has also previously cast doubt on the validity of service on defendants in the UAE by international certified mail absent a court order pursuant to Rule 4(f)(3).  *Hashem*, 2018 WL 3382913, at *4.  Service by email alone is also unlikely to be successful.  Plaintiffs have used the databases RocketReach, TransUnion TLOxp, Spokeo.com, Hunter.io, and TruthFinder.com to search for valid email addresses and other contact information for Al Nahyan, Matar, and Ariaf.[5]  Plaintiffs also searched LinkedIn and performed numerous searches using the search engines Google and Bing. These efforts have yielded no results.

Rule 4(f)(2)(B) authorizes service as directed by the foreign authority in response to a letter rogatory.  However, according to the international process service firm DGR Legal, the UAE does not currently accept letters rogatory.[6]  Even if the UAE were willing to consider a service request made by letter rogatory, this is an incredibly time and resource intensive process, and the U.S. State Department cautions that letters rogatory should only be used as a last resort when "no other options [are] available."  U.S. Dep't of State, Bureau of Consular Affairs, Service of Process ("[T]he use of

---

[4] ABC Legal, International Service of Process Overview, https://www.abclegal.com/international/service-of-process-overview (last visited Mar. 2, 2024).
[5] RocketReach, TransUnion TLOxp, Spokeo.com, Hunter.io, and TruthFinder.com are commercially available email, phone, and address search tools.  *See* RocketReach, What Is RocketReach?, https://knowledgebase.rocketreach.co/hc/en-us/articles/360005096853-What-Is-RocketReach (last visited Mar. 12, 2024); TransUnion TLOxp, About TLOxp, https://www.tlo.com/about-tloxp#:~:text=About%20TLOxp&text=Built%20on%20an%20 architecture%20of,with%20actionable%20data%20in%20seconds (last visited Mar. 5, 2024); Spokeo, About, https://www.spokeo.com/about (last visited Mar. 12, 2024); Hunter, About, https://hunter.io/about (last visited Mar. 5, 2024); TruthFinder, About, https://www.truthfinder.com/about/ (last visited Mar. 12, 2024).
[6] DGR Legal, *International Service of Process in Dubai & the United Arab Emirates (UAE)*, https://www.dgrlegal.com/international-process-service-dubai-uae/#:~:text=However%2C%20 the%20UAE%20is%20not,service%20is%20not%20an%20option (last visited Mar. 12, 2024).

letters rogatory is not recommended given the routine *time delays of up to a year or more* in execution of the requests." (emphasis added)).[7]

Thus, Rule 4(f)(3) offers the only reasonably practicable option for Plaintiffs to serve Al Nahyan, Matar, and Ariaf in this case.

## II.    Service On Al Nahyan And Matar By The Proposed Alternative Means Is Reasonably Calculated To Provide Them With Notice Of This Action.

Alternative service on Al Nahyan and Matar by personal delivery and certified mail to the UAE Embassy in Washington, D.C., coupled with (i) service by international certified mail to Qasr Al Watan—the Presidential Palace in the UAE—located at Al Ras Al Akhdar, P.O. Box 128717, Abu Dhabi, UAE and to the P.O. Box (P.O. Box 26662, Abu Dhabi, UAE) listed on the official UAE federal government contact portal[8] and (ii) email to 547321@protonmail.com, the email address documents from the hackers indicate Matar and possibly other UAE officials used to communicate with Alp, is reasonably calculated to provide Al Nahyan and Matar with notice of this action.  In *Saleh*, this Court granted a motion for alternative service on Al Nahyan when he was Crown Prince of Abu Dhabi using similar methods.  Minute Order Granting Request for Service by Alternative Methods, *Saleh v. Al Nahyan*, No. 20-cv-01168 (D.D.C. July 30, 2020).  And for good reason.  Given that Al Nahyan is the current President of the UAE and, on information and belief as alleged in the Complaint (at ¶ 13), Matar is also a government official with direct access to Al Nahyan, it is highly likely that the UAE Ambassador to the U.S. can ensure that Al Nahyan and Matar are apprised of this action against them.  *See* Ex. A, Order Re Pl.'s Mot. for Serv. of Process by Alternative Methods at 6, *Hassen*, No. 09-cv-01106 ("Defendants … head the United Arab Emirates government.

---

[7] *Available at* https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process.html (last visited Mar. 12, 2024).

[8] UAE Government Portal, Help, Get in touch, Contact govt entities, Portal team, https://u.ae/en/help/contact-us/this-portal.

Consequently, the United Arab Emirates ambassador … [is an] appropriate individual[] to accept service of process" on their behalf.).

### III.    Service On Ariaf By The Proposed Alternative Means Is Reasonably Calculated To Provide Ariaf With Notice Of This Action.

Alternative service on Ariaf via personal delivery and certified mail to the UAE Embassy in Washington, D.C.; certified mail to the last known address Plaintiffs have been able to identify for Ariaf; email to two email addresses believed to have been associated with Ariaf in 2018; and publication in newspaper or wire service published, distributed for sale, or readily accessible online in Abu Dhabi, UAE are reasonably calculated to provide Ariaf with notice of this action.

As alleged in the Complaint, Ariaf is nothing more than a front company used by Defendants the UAE, ADNOC, Al Nahyan, and Matar to conceal their involvement in the enterprise's smear campaign. (Compl. ¶ 27.) Ariaf has virtually no internet presence (something unheard of in this day and age for a private company), and Plaintiffs have searched RocketReach and other commercial address, email, and phone database to try to ascertain current contact information for Ariaf—all to no avail.

As such, service on the UAE Ambassador to the United States by personal delivery and registered or certified mail to the UAE Embassy in Washington D.C. is reasonably calculated to provide Ariaf with notice of this action. Given that Ariaf is a front used by senior UAE officials, the Ambassador should be well positioned to ensure that Ariaf receives the summons and complaint.

Plaintiffs have determined from the documents hackers obtained from Alp in 2021 that Ariaf used the address P.O. Box 3088, Abu Dhabi, UAE from at least 2018 to 2020. That address is listed for Ariaf on numerous retention and non-disclosure agreements between Ariaf on the one hand and Defendants Alp Services SA or Diligence SARL on the other during that time. This is the most reliable contact information Plaintiffs have been able to identify for Ariaf, and service by

international registered or certified mail to that P.O. Box offers another reliable method reasonably calculated to notify Ariaf of this action.

Plaintiffs also determined from the hacked Alp documents that the email addresses emaa.n@hotmail.com and eman@uaecreative.net were associated with Ariaf as of 2018.  These email addresses were listed on UAE work authorization forms submitted by Defendants Mario Brero and Muriel Cavin to the UAE Ministry of Human Resources.  Thus, Plaintiffs propose also sending the summons for Ariaf and Complaint to these email addresses to increase the likelihood that Ariaf will receive actual notice of the claims against it.

Finally, as a comprehensive effort to ensure Ariaf is notified of and served with the Complaint against it, Plaintiffs propose service by publication in a newspaper or wire service published in, delivered to, or readily available online in Abu Dhabi.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Service of Process By Other Means and issue an order authorizing service of process on Al Nahyan, Matar, and Ariaf by the methods set forth in Plaintiffs' Motion and accompanying Memorandum of Points and Authorities.

Dated: March 13, 2024                          Respectfully Submitted,

/s/ *Thomas A. Clare, P.C.*

Thomas A. Clare, P.C.
Nicholas J. Brechbill
CLARE LOCKE LLP
10 Prince Street
Alexandria, Virginia 22314
Telephone: (202) 628-7400
Email: tom@clarelocke.com
Email: nick@clarelocke.com

*Attorneys for Plaintiffs Hazim Nada & Lord Energy SA*