UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAZIM NADA and LORD ENERGY SA,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE UNITED ARAB EMIRATES, ARIAF STUDIES AND RESEARCH LLC, THE ABU DHABI NATIONAL OIL COMPANY, MOHAMED BIN ZAYED AL NAHYAN, MATAR HUMAID AL-NEYADI, ALP SERVICES SA, DILIGENCE SARL, MARIO BRERO, LIONEL BADAL, MURIEL CAVIN, LORENZIO VIDINO, SYLVAIN BESSON, and JOHN DOES NOS. 1-25,<br><br>*Defendants*. | 1:24-CV-00206 (ABJ) |

**CONSENT MOTION TO VACATE THE CLERK'S ENTRY OF DFEAULT AGAINST SYLVAIN BESSON**

Defendant Sylvain Besson, by and through undersigned counsel, hereby moves this Court, pursuant to Federal Rule of Civil Procedure 55(c), to vacate the Entry of Default entered in this case against Mr. Besson, ECF No. 33 ("Entry of Default"). The Entry of Default should be vacated because Mr. Besson and Plaintiffs agree that he was never served with the summons and complaint, his default was not willful, and it did not prejudice Plaintiffs Hazim Nada and Lord Energy SA. Moreover, Mr. Besson has meritorious defenses to Plaintiffs' claims that he will raise in the motion to dismiss briefing.

Pursuant to Local Civil Rule 7(m), the undersigned counsel conferred with Plaintiffs' counsel regarding the relief requested herein, and Plaintiffs CONSENT to the relief.

I.     **FACTUAL BACKGROUND**

Plaintiffs filed their complaint in this case on January 24, 2024, naming Sylvain Besson as a Defendant. ECF No. 1. The complaint lists Mr. Besson's address as Route de la Vuy 10, 1305 Penthalaz, Switzerland. *Id.* On March 29, 2024, Plaintiffs' counsel filed a Declaration of Proof of Service of Sylvain Besson Pursuant to the Hague Convention, stating that Mr. Besson had been served pusurant to Federal Rule of Civil Procedure 4(f)(1) and the Hague Convention. ECF No. 16. The declaration attested that the summons and complaint were served via the Central Authority in Vaud, Switzerland, at Route de la Vuy 10, 1305 Penthalaz, Switzerland on February 23, 2024. *Id.* ¶ 7. The declaration attached two exhibits purporting to demonstrate service on Mr. Besson at Route de la Vuy 10, 1305 Penthalaz, Switzerland, including a signed receipt from the post office with a signature from someone named Dubauloz Besson. ECF No. 16-1; ECF No. 16-2.

On April 9, 2024, Plaintiffs filed a Motion and Affidavit seeking an Entry of Default against Mr. Besson, positing that Mr. Besson failed to timely respond to the complaint. *See* ECF Nos. 30, 31. The Clerk of Court filed the Entry of Default on April 10, 2024. ECF No. 33. As of the date of this motion, Plaintiffs have not filed a motion for default judgment.

Mr. Besson was never served with the summons and complaint because he does not, and has never, lived or has been present at Route de la Vuy 10 in Penthalaz, Switzerland. The person who signed for the complaint, who appears to be named Dubauloz Besson, is not related to and has no association with Mr. Besson.

Upon learning of the Entry of Default, the undersigned counsel informed Plaintiffs' counsel that the summons and complaint were served on a different person than the Mr. Besson who is referenced in the complaint. All counsel thus agreed that the Entry of Default was

2

improper, and Plaintiffs agreed to join a motion to set it aside.

## II. ARGUMENT

A court "may set aside an entry of default for good cause," Fed. R. Civ. P. 55(c), a decision that "lies within the discretion of the trial." *Keegel v. Key W. & Caribbean Trading Co.*, 627 F.2d 372, 373 (D.C. Cir. 1980). In determining whether to set aside an entry of default, courts consider "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *Id.* (collecting cases).

*First*, the default was not willful because Mr. Besson was never served with the summons and complaint. "A default cannot be entered where there was insufficient service of process" because "a defendant's obligation to respond to a complaint arises only upon service of the summons and complaint." *Scott v. District of Columbia*, 598 F. Supp. 2d 30, 36 (D.D.C. 2009) (quoting Fed. R. Civ. P. 12(a), 55(a)); *see Mohammad Hilmi Nassif & Partners v. Republic of Iraq*, No. 17-CV-2193 (KBJ), 2020 WL 1444918, at *4 (D.D.C. Mar. 25, 2020). Proper service of process is necessary for a court to exercise jurisdiction over a defendant. *See Toms v. Hantman*, 530 F. Supp. 2d 188, 190 (D.D.C. 2008); *Bennett v. United States*, 462 F. Supp. 2d 35, 37 (D.D.C. 2006) (citing *Murphy Bros. Inc. v. Michetti Pipe Stringing Inc.*, 526 U.S. 344, 350 (1999)). For an international defendant to be properly served under Federal Rule of Civil Procedure 4(f)(1), a plaintiff must effectuate service pursuant to the agreed-upon means of service in the defendant's country as authorized by the Hague Convention.

Here, while Plaintiffs submitted a Request for Service Abroad of Judicial or Extrajudicial Documents in Civil or Commercial Matters to the Central Authority for Vaud Canton, the Canton in Switzerland, they submitted the incorrect address for Mr. Besson, instead directing the service to a different and unrelated Sylvain Besson. When the complaint and summons were

served at the incorrect address, a different person with the last name Besson signed for the documents.  *See* ECF No. 16-1.  Dubauloz Besson, who signed for the summons and complaint, *see id.*, had no authority to accept service on Mr. Besson's behalf.  Because Mr. Besson was never served with the summons and complaint, the Entry of Default was improper.  *See Scott*, 598 F. Supp. 2d at 36 (setting aside entry of default where service was never properly effectuated); *Radiant Glob. Logistics, Inc. v. Am. Ind. Distillery Coop., LLC*, No. 20-CV-3239, 2021 WL 5416633, at *3 (D.D.C. Nov. 19, 2021) (collecting cases) (same); *Mohammad Hilmi Nassif & Partners*, 2020 WL 1444918, at *4 (same).

*Second*, permitting Mr. Besson to respond to the complaint and present his defenses does not prejudice Plaintiffs.  Importantly, Plaintiffs have consented to this motion and have not argued they will experience any prejudice that would result from setting aside the entry of default.  *See Delta Sigma Theta Sorority, Inc. v. LaMith Designs, Inc.*, 275 F.R.D. 20, 27 (D.D.C. 2011) (noting that delay in and of itself does not constitute prejudice).  In fact, Mr. Besson has agreed to respond to the complaint on the same schedule as the majority of the other defendants.

*Third*, Mr. Besson has meritorious defenses to this litigation, including but not limited to lack of personal jurisdiction.[1]  Indeed, courts favor resolution on the merits as opposed to entering default judgments.  *See Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980).

Accordingly, for the foregoing reasons, and with Plaintiffs' consent, Mr. Besson respectfully requests that the Court set aside the Entry of Default.

---

[1] Mr. Besson does not waive any defenses to the complaint by filing this motion or appearing to move to dismiss the complaint.  While Plaintiffs consent to the relief requested, they do not concede that Mr. Besson has meritorious defenses, and Plaintiffs reserve all rights to oppose at the appropriate time any defenses, including lack of personal jurisdiction, that Mr. Besson may raise.

| | |
|---|---|
| Dated: May 3, 2024<br>Washington, D.C. | Respectfully submitted,<br><br>By:  /s/ *Michael J. O'Leary*<br>Michael O'Leary (D.C. Bar No. 1014610)<br>HOLLAND & HART LLP<br>505 9th St. NW, Suite 700<br>Washington, DC 20004<br>Tel.: (202) 654-6922<br>MJOleary@hollandhart.com<br><br>Nicholas J. Lewin (*pro hac vice pending*)<br>Molly K. Webster (*pro hac vice pending*)<br>KRIEGER LEWIN LLP<br>350 Fifth Avenue, 77th Floor<br>New York, New York 10118<br>Tel.: (212) 390-9550<br>nick.lewin@kriegerlewin.com<br>molly.webster@kriegerlewin.com<br><br>*Counsel for Sylvain Besson* |

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2024, a copy of the foregoing Consent Motion to Vacate the Clerk's Entry of Default Against Sylvain Besson and Proposed Order were filed electronically.  Notice of this filing will be sent by e-mail to the parties by operation of the Court's CM/ECF system.

Dated: May 3, 2024

Respectfully submitted,

/s/ *Michael O'Leary*
Michael O'Leary (D.C. Bar No. 1014610)
HOLLAND & HART LLP
505 9th St. NW, Suite 700
Washington, DC 20004
Tel.: (202) 654-6922
MJOleary@hollandhart.com

*Counsel for Defendant Sylvain Besson*