IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAZIM NADA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED ARAB EMIRATES, *et al.*, <br><br> Defendants. | Civil Action No. 1:24-cv-206 |

## SUGGESTION OF IMMUNITY BY THE UNITED STATES

Pursuant to 28 U.S.C. § 517,[1] the United States respectfully informs the Court that Defendant Sheikh Mohamed bin Zayed Al Nahyan, the President of the United Arab Emirates, is the sitting head of government and, accordingly, is immune from this suit.[2] In support of its determination, the United States sets forth as follows:

1.  The Constitution assigns to the U.S. President the responsibility to represent the Nation in its conduct of foreign relations. *See, e.g.*, *United States v. Curtiss-Wright Export Corp.*, 299 U.S. 304, 320 (1936) (referring to the President's "exclusive power . . . as the sole organ of the federal government in the field of international relations"); *Zivotofsky ex rel. Zivotofsky v. Kerry*, 576 U.S. 1, 21 (2015) (noting that "it is for the President alone to make the specific decision of what foreign power he will recognize as legitimate"); U.S. Const. art. II, § 3 (assigning to the

---

[1] 28 U.S.C. § 517 authorizes the Attorney General to send any officer of the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interests of the United States."

[2] The United States expresses no view as to the merits or substance of Plaintiffs' claims. Further, the fact that the United States is not making a submission at this time concerning the United Arab Emirates or any other named United Arab Emirates government official defendants should not be construed as conveying any view on the merits of any immunity claim that may be applicable to them.

1

President the responsibility to "receive Ambassadors and other public Ministers"). That constitutional grant of authority affords the Executive Branch the power to determine whether foreign officials possess certain status-based immunities from suit, including immunity under the head of state doctrine. Here, the Executive Branch, after considering the relevant principles of customary international law, and in the implementation of its foreign policy and conduct of relations with foreign nations, has determined that Defendant bin Zayed Al Nahyan possesses immunity from this suit as the President of the United Arab Emirates while he holds that office. As discussed below, this determination is controlling and is not subject to judicial review.

2. The U.S. Department of State has informed the Department of Justice that the "Department of State recognizes and allows the immunity of President Sheikh Mohamed bin Zayed Al Nahyan as a sitting head of government of a foreign state from the jurisdiction of the United States District Court in this suit." Exhibit A, Letter from Richard C. Visek, Acting Legal Adviser, U.S. Department of State, to Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division, U.S. Department of Justice (July 12, 2024).

3. For many years, the Executive Branch exclusively determined the immunity of both foreign states and foreign officials, and courts have deferred completely to the Executive's immunity determinations. *See*, *e.g.*, *Republic of Mexico v. Hoffmann*, 324 U.S. 30, 35 (1945) ("It is therefore not for the courts to deny an immunity which our government has seen fit to allow, or to allow an immunity on new grounds which the government has not seen fit to recognize."); *Aljabri v. bin Salman*, No. 22-7150, 2024 WL 3335558, at *4 (D.C. Cir. July 9, 2024) (noting that when "the U.S. State Department [files a] suggestion of immunity . . . [a court must] defer to its determination"). In 1976, Congress codified the standards governing suit against foreign states in the Foreign Sovereign Immunities Act. 28 U.S.C. § 1602 *et seq*.; *see id*. § 1602 ("Claims of foreign

states to immunity should henceforth be decided by courts of the United States and of the States in conformity with the principles set forth in this chapter.").

4.     But Congress has not similarly codified standards governing the immunity of foreign officials from suit. *Samantar v. Yousuf*, 560 U.S. 305, 308, 325 (2010) ("Although Congress clearly intended to supersede the common-law regime for claims against foreign states, we find nothing in the statute's origin or aims to indicate that Congress similarly wanted to codify the law of foreign official immunity."). Instead, Congress left in place the practice of judicial deference to Executive Branch immunity determinations with respect to foreign officials. *See id.* at 314 & 323 ("We have been given no reason to believe that Congress saw as a problem, or wanted to eliminate, the State Department's role in determinations regarding individual official immunity."). Accordingly, the Executive Branch retains its authority to determine a foreign official's immunity from suit. *See id.* at 312 & n.6 (noting expressly the Executive Branch's role in determining head of state immunity); *Ye v. Zemin*, 383 F.2d 620, 625 (7th Cir. 2004) ("Because the FSIA does not apply to heads of states, the decision concerning the immunity of foreign heads of state remains vested where it was prior to 1976 – with the Executive Branch.").

5.     The doctrine of head of state immunity is well established in customary international law. *See Satow's Guide to Diplomatic Practice* 9 (Lord Gore-Booth ed., 5th ed. 1979). Although the doctrine is referred to as "head of state immunity," it applies to heads of government, and foreign ministers as well. *See*, *e.g.*, *The Schooner Exch. v. M'Faddon*, 11 U.S. (7 Cranch) 116, 138–39 (1812) (discussing generally the immunity of foreign ministers in U.S. courts); *Arrest Warrant of 11 Apr. 2000 (Dem. Rep. Congo v. Belgium)*, 2002 I.C.J. 3, 20–21 (Feb. 14) (Merits) (heads of state, heads of government, and ministers of foreign affairs enjoy immunity from the jurisdiction of foreign states). After a head of state, head of government, or foreign

minister leaves office, that individual generally retains residual immunity only for acts taken in an official capacity while in that position. *See* 1 *Oppenheim's International Law* 1043–44 (Robert Jennings & Arthur Watts eds., 9th ed. 1996).

6.  The Supreme Court has held that the courts of the United States are bound by Suggestions of Immunity submitted by the Executive Branch. *See Hoffman*, 324 U.S. at 35–36; *Ex parte Peru*, 318 U.S. 578, 588–89 (1943). When considering foreign state immunity in *Ex parte Peru*, the Supreme Court, without further review of the Executive Branch's immunity determination, declared that such a determination "must be accepted by the courts as a conclusive determination by the political arm of the Government." 318 U.S. at 589. After a Suggestion of Immunity is filed, it is "the court's duty" to surrender jurisdiction. *Id.* at 588. The courts' deference to Executive Branch determinations of foreign state immunity is compelled by the separation of powers. *See, e.g., Habyarimana v. Kagame*, 696 F.3d 1029, 1032 (10th Cir. 2012).

7.  Courts thus routinely defer to the Executive Branch's immunity determinations concerning sitting heads of state and heads of government.[3] When the Executive Branch determines an official is immune from suit under the head of state doctrine, judicial deference to that determination is predicated on compelling considerations arising out of the Executive

---

[3] *See Habyarimana v. Kagame*, 696 F.3d at 1029, 1032 (10th Cir. 2012) ("We must accept the United States' suggestion that a foreign head of state is immune from suit—even for acts committed prior to assuming office—as a conclusive determination by the political arm of the Government that the continued [exercise of jurisdiction] interferes with the proper conduct of our foreign relations." (quotation omitted)); *Ye*, 383 F.3d at 626 ("The obligation of the Judicial Branch is clear—a determination by the Executive Branch that a foreign head of state is immune from suit is conclusive and a court must accept such a determination without reference to the underlying claims of a plaintiff."); *In re Doe*, 860 F.2d 40, 45 (2d Cir. 1988); *Doe I v. State of Israel*, 400 F. Supp. 2d 86, 110 (D.D.C. 2005) ("When the Executive Branch concludes that a recognized leader of a foreign sovereign should be immune from the jurisdiction of American courts, that conclusion is determinative."); *Saltany v. Reagan*, 702 F. Supp. 319, 320 (D.D.C. 1988), *aff'd in part and rev'd in part on other grounds*, 886 F.2d 438 (D.C. Cir. 1989).

Branch's authority to conduct foreign affairs under the Constitution. *See Ye*, 383 F.3d at 626 (citing *e.g.*, *Spacil v. Crowe*, 489 F.2d 614, 618 (5th Cir. 1974)). Judicial deference to the Executive Branch in these matters is "motivated by the caution . . . appropriate of the Judicial Branch when the conduct of foreign affairs is involved." *Id.*; *see also Spacil*, 489 F.2d at 619 ("Separation-of-powers principles impel a reluctance in the judiciary to interfere with or embarrass the executive in its constitutional role as the nation's primary organ of international policy."); *Ex parte Peru*, 318 U.S. at 588. In no case has a court subjected a person to suit after the Executive Branch has determined that the head of state or head of government is immune.[4]

8. The Executive Branch accepts the principle of customary international law that head of state immunity attaches to a head of state's or head of government's status as the *current* holder of the office and applies even to conduct that occurs before the individual took office. Here, the Executive Branch has determined that Defendant bin Zayed Al Nahyan, as the sitting head of a foreign government, enjoys head of state immunity from the jurisdiction of U.S. courts as a result

---

[4] *See*, *e.g.*, *Tawfik v. al-Sabah*, No. 11-cv-6455, 2012 WL 3542209, *4 (S.D.N.Y. Aug. 16, 2012) (concluding that the Suggestion of Immunity filed by the Executive Branch was "controlling" and dismissing case); *Manoharan v. Rajapaksa*, 845 F. Supp. 2d 260 (D.D.C. 2012), *aff'd*, 711 F.3d 178 (D.C. Cir. 2013); *Habyarimana v. Kagame*, 821 F. Supp. 2d 1244, 1263–64 (W.D. Okla. 2011), *aff'd*, 696 F.3d 1029 (10th Cir. 2012); *Howland v. Resteiner*, No. 07-CV-2332, ECF No. 27, at 5 n.2 (E.D.N.Y. Dec. 5, 2007); *Doe I v. State of Israel*, 400 F. Supp. 2d at 110; *Doe v. Roman Catholic Diocese of Galveston-Houston*, 408 F. Supp. 2d 272, 278 (S.D. Tex. 2005) ("The executive's [head of state immunity] determination is not subject to additional review by a federal court."); *Leutwyler v. Queen Rania Al-Abdullah*, 184 F. Supp. 2d 277, 280 (S.D.N.Y. 2001); *Tachiona v. Mugabe*, 169 F. Supp. 2d 259, 297 (S.D.N.Y. 2001), *aff'd on other grounds sub nom.*, *Tachiona v. United States*, 386 F.3d 205 (2d Cir. 2004); *First Am. Corp. v. Al-Nahyan*, 948 F. Supp. 1104, 1119 (D.D.C. 1996) ("The United States has filed a Suggestion of Immunity . . . and courts of the United States are bound to accept such head of state determinations as conclusive."); *Alicog v. Kingdom of Saudi Arabia*, 860 F. Supp. 379, 382 (S.D. Tex. 1994) (concluding that the Executive Branch's recognition of King Fahd's immunity as the head of state of Saudi Arabia required dismissal of a complaint for false imprisonment and abuse), *aff'd*, 79 F.3d 1145 (5th Cir. 1996); *Lafontant v. Aristide*, 844 F. Supp. 128, 132 (E.D.N.Y. 1994); *Saltany,* 702 F. Supp. at 320 (holding that the determination of Prime Minister Thatcher's immunity was conclusive).

of that office and is entitled to immunity from the Court's jurisdiction of this suit while he holds that office.

Dated:  August 5, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director

LAUREN A. WETZLER
Deputy Director

*/s/ Allyson R. Scher*
ALLYSON R. SCHER (DC Bar No. 1616379)
Trial Attorney
U.S. Department of Justice,
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 880-6114
Fax: (202) 616-8460
Email: allyson.r.scher@usdoj.gov

*Counsel for the United States*